**Richard L. BRITT and Timothy Jackson, Jr., et al., Plaintiffs,**

**v.**

**GROCERS SUPPLY COMPANY, INC., et al., Defendants.**

**Civ. A. No. H-88-4281.**

United States District Court, S.D. Texas.

April 8, 1991.

Christopher E. Howe, Houston, Tex., for defendant Grocers Supply.

Eric H. Nelson, Houston, Tex., for defendant Teamsters.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

### 1. Introduction.

Richard L. Britt and Timothy Jackson, Jr., brought this class action against Grocers Supply Company, Inc., and the Teamsters Local 968 alleging that the employer's change in the wage calculations from a flat rate system to one based on productivity was age discrimination. The plaintiffs have abandoned their claims against the Union, and they consented to the entry of an adverse judgment to their deceptive trade practices claims against Grocers Supply. The court finds the evidence insufficient to establish that the employer's change to a new system of calculating wages was discriminatory. The plaintiffs were not discharged; they walked off the job. Finally, the plaintiffs' age claim is preempted by the National Labor Relations Act. This action will be denied.

### 2. Background.

The plaintiffs were employed as drivers and warehousemen at Grocers Supply. During negotiations with the Union in the fall of 1986, Grocers Supply proposed employee compensation based on productivity rather than an hourly wage. The work force consisted mainly of long-term employees over forty years of age. The workers opposed the new production system. Against the advice of the Union leadership, the workers voted to strike on December 21, 1986.

During the strike, Grocers Supply hired replacements for the strikers. In early 1987, Grocers Supply began converting these temporary workers into permanent employees. The strikers stopped picketing and attempted to return to work on April 6, 1987. The strike was an abject failure. When the plaintiffs asked to return to work, Grocers Supply told them that they

Richard Britt, pro se.

James M. Mabry, Houston, Tex., for Jackson.

had been replaced but they would be considered first for openings.

### 3. *Age Discrimination.*

 The plaintiffs contend that Grocer Supply's replacement of employees, some of whom were allegedly younger, was motivated by the age of the strikers and violated federal law. *Age Discrimination in Employment Act*, 29 U.S.C. § 621. To make a prima facie case under the act, the plaintiffs must show that they were: (a) discharged; (b) qualified for their positions; (c) within the protected class at the time of discharge; and (d) replaced by younger employees or otherwise have been discharged because of their age. *Bienkowski v. American Airlines*, 851 F.2d 1503 (5th Cir. 1988).

#### A. Discharge.

The plaintiffs were not discharged. They voluntarily walked off the job because of an unfavorable impasse in the negotiations for a new union contract. Once the strike ended, the plaintiffs attempted to return to their positions but found that other people held the jobs they had left. Grocers Supply did not bar the strikers from later employment; it agreed that they would be reemployed as soon as jobs became available.

#### B. Qualifications.

The court assumes the plaintiffs are qualified because they would have returned to their previous positions, although under a new management scheme.

#### C. Protected Class.

After years of litigation, the plaintiffs have presented no evidence of the class members' ages or that all of them were over forty.

#### D. Replacements.

Finally, the plaintiffs have offered no evidence that they were replaced by younger employees. Nor is there evidence that the applicant pool for replacement drivers was older than the average person hired from that pool during the strike. There is no evidence that Grocers Supply was hostile to older workers or otherwise considered age rather than ability.

The only articulable basis of age discrimination offered was the perception of one of the original workers that the new scheme favored younger workers because it was going to require harder work. Assuming that to be true, it does not violate the act to require all workers to increase output, hours, or other burdens.

### 4. *Preemption.*

 Even assuming that the change in compensation and scheduling was motivated by hostility to older workers, the national labor relations laws would preempt a claim under the age discrimination act since the issue is one within the conditions of employment that the union and management have authority to negotiate. Indeed, they were negotiating the work assignments. In the event of a conflict, if a non-NLRA claim applies to the same conduct that otherwise would be an NLRA issue, the NLRA preempts the others. *Sears, Roebuck & Co. v. San Diego District Council of Carpenters*, 436 U.S. 180, 194, 98 S.Ct. 1745, 1754, 56 L.Ed.2d 209 (1978).

In an absolute conflict, the rights of people as individuals transcend those of people as employees. The NLRA, however, does not even risk undermining the age discrimination act in this instance. *Sears, Roebuck & Co.*, 436 U.S. at 187, 98 S.Ct. at 1752. This case is not one of an individual discriminated against because of age due to the culture of the employer; this is a dispute over ordinary working conditions of a group of workers who happen to be over forty. It is possible for a union and employer to collude to benefit younger workers at the direct expense of protected workers in a way that bears little relation to a significant interest of either union or employer. The plaintiffs, however, offered no evidence of that circumstance even though the court encouraged them to develop that

evidence, if it existed. The plaintiffs' age allegations are identical to those that would be made under an unfair labor practices complaint. NLRA §§ 8(a)(1), (3), and (5).

## 5. *Conclusion.*

The plaintiffs have failed to proffer evidence of the elements under the federal age discrimination statute, and if they had established that claim, it would be preempted by the national labor laws. The plaintiffs will take nothing from Grocers Supply.